IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2011 MAY 10 AM 9:57
CLERK R. Ask
SO. DIST. OF GA.

DON ROBERT FAIRCLOTH,

    Plaintiff,

v.       CIVIL ACTION NO.: CV511-016

BRIAN OWENS, Commissioner;
DARYL HART, Warden; and
Dr. THOMAS "TOM" FERRELL,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Calhoun State Prison in Morgan, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states that a doctor at Augusta State Medical Prison had ordered the Plaintiff receive a heart catheterization. Plaintiff states that Defendant Ferrell refused to approve the catheterization and also refused to operate on Plaintiff's joints or esophagus.

Plaintiff names Commissioner Brian Owens and Warden Daryl Hart as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). It appears that Plaintiff attempts to hold Defendants Owens and Hart liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the claims against Defendants Owens and Hart be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE