FILED
U.S. DISTRICT COURT
 DIV.
2011 DEC -8 PM 3: 49
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DON ROBERT FAIRCLOTH,

    Plaintiff,

v.                                      CIVIL ACTION NO.: CV511-016

Dr. THOMAS "TOM" FERRELL,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Ware State Prison in Waycross, Georgia. Defendant filed a Motion to Dismiss, to which Plaintiff responded. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that a doctor at Augusta State Medical Prison ordered Plaintiff to have a heart catheterization. Plaintiff contends that Defendant Ferrell refused to approve this procedure and to operate on Plaintiff's joints and esophagus.

Defendant maintains that Plaintiff failed to exhaust his administrate remedies before he filed his Complaint. Defendant also maintains that Plaintiff fails to state a claim upon which relief may be granted and that he is entitled to qualified immunity.

AO 72A
(Rev. 8/82)

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that Plaintiff admits that, at the time he filed his Complaint, he was still attempting to use the grievance process. Defendant asserts, therefore, that Plaintiff did not exhaust his administrative remedies before he filed his cause of action. Defendant alleges that Plaintiff filed an informal grievance and a formal grievance related to Defendant's alleged deliberate indifference, but Plaintiff did not appeal the denial of his grievance, as required.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523.

AO 72A
(Rev. 8/82)

The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues . . . ." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar

3

days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 58-2, p. 16). An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 17). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id. at pp. 17-18). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 19). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 20).

Plaintiff filed Informal Grievance Number 77853 on February 8, 2011, and claimed that Defendant Ferrell denied him medical care ordered by another doctor. (Doc. No. 58-2, pp. 6, 35). This informal grievance was denied on February 17, 2011. Plaintiff filed a formal grievance on February 17, 2011, which the Warden denied on February 23, 2011. (Id. at p. 25). Plaintiff's Complaint is dated February 16, 2011, and was filed in this Court on February 18, 2011. (Doc. No. 1). In his Complaint, Plaintiff states that he "is still attempting the grievance process[.]" (Id. at p. 3). It is evident that Plaintiff did not exhaust his administrative remedies prior to the filing of his Complaint.

It is unnecessary to address the remaining grounds of Defendant's Motion.

days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 58-2, p. 16). An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 17). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id. at pp. 17-18). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 19). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 20).

Plaintiff filed Informal Grievance Number 77853 on February 8, 2011, and claimed that Defendant Ferrell denied him medical care ordered by another doctor. (Doc. No. 58-2, pp. 6, 35). This informal grievance was denied on February 17, 2011. Plaintiff filed a formal grievance on February 17, 2011, which the Warden denied on February 23, 2011. (Id. at p. 25). Plaintiff's Complaint is dated February 16, 2011, and was filed in this Court on February 18, 2011. (Doc. No. 1). In his Complaint, Plaintiff states that he "is still attempting the grievance process[.]" (Id. at p. 3). It is evident that Plaintiff did not exhaust his administrative remedies prior to the filing of his Complaint.

It is unnecessary to address the remaining grounds of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on Plaintiff's failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 8th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE